2013 UT App 98

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

MITCHELL TRACY RING,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120116-CA
Filed April 18, 2013

Third District, Salt Lake Department
The Honorable Deno G. Himonas
No. 061904488

Joan C. Watt, Attorney for Appellant
John E. Swallow and Ryan D. Tenney, Attorneys for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1 Mitchell Tracy Ring appeals his convictions of robbery and assault. We affirm.

¶2 Ring argues that there was insufficient evidence to support his convictions on the charges. When evaluating a challenge to the sufficiency of the evidence, appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94. "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our

inquiry stops." *State v. Boyd*, 2001 UT 30, ¶ 16, 25 P.3d 985. Generally, an appellate court "may not reassess credibility or reweigh the evidence, but must resolve conflicts in the evidence in favor of the jury verdict." *State v. Workman*, 852 P.2d 981, 984 (Utah 1993).

¶3      The key facts of this case are largely undisputed. Ring acknowledged that he punched the victim at least once and took her cell phone and put it in his pocket. He had the cell phone when he tried to flee the store and was caught by two passers-by.

¶4      Ring argues that there was insufficient evidence to show that he intended to permanently deprive the victim of her cell phone, and, therefore, the robbery conviction cannot stand. Utah Code section 76-6-301 provides that a person commits robbery if he takes personal property from another person by force "with a purpose or intent to deprive the person permanently *or temporarily* of the personal property." Utah Code Ann. § 76-6-301(1)(a) (LexisNexis 2012) (emphasis added). Accordingly, Ring's argument that he did not intend to permanently keep the cell phone does not defeat the element of intent.

¶5      The evidence established that Ring intentionally took the cell phone from the victim by force and maintained possession of it while he fled. Ring asserts that his only intent was to stop the victim from calling the police when he took the cell phone. He confuses the motive for his actions with the actions themselves. He intentionally deprived the victim of her cell phone temporarily. The evidence was sufficient for the jury to convict on the robbery charge.

¶6      Ring also asserts that the evidence was insufficient to convict him of assault because he was justified in the use of force in self defense. He contends that he was entitled to use force after the victim threw a plastic bottle at him after he had spit in her face. The jury could find, however, that his use of force was not in self defense. The victim had told Ring to leave her store, and she turned her back on him, thinking he was leaving. At that point, there was

no "imminent" threat of harm to Ring. *Id.* § 76-2-402(1)(a). He was the aggressor when he went behind the counter and attacked the victim. The evidence was more than sufficient for the jury to convict on the assault charge.[1]

¶7     Affirmed.

————————

1. Ring also argues that he was entitled to use force in defense of his "property," by which he means his time to get to the store. *See* Utah Code Ann. § 76-2-406 (LexisNexis 2012). The trial court ruled that the defense of property statute did not apply to the facts of this case and declined to give a jury instruction on the defense. On appeal, Ring does not argue that he was entitled to such an instruction, but asserts only that there was insufficient evidence given his defense of property argument. Not only did the trial court correctly determine that this defense did not apply in this case, but because it was not presented to the jury, the jury did not consider the defense in evaluating the evidence. As a result, the defense is not relevant given the posture of Ring's sufficiency of the evidence challenge.